FILED
United States Court of Appeals
Tenth Circuit

February 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALLEN MESSICK,

     Plaintiff - Appellant,

v.

MCKESSON CORPORATION;
MCKESSON CORPORATION SHORT
TERM DISABILITY PLAN; MCKESSON
CORPORATION LONG TERM
DISABILITY PLAN; LIFE INSURANCE
COMPANY OF NORTH AMERICA,

     Defendants - Appellees.

No. 15-4019
(D.C. No. 2:13-CV-01036-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.
_____

     Allen Messick appeals following the district court's entry of judgment in favor of defendants on his claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). Exercising jurisdiction under 28 U.S.C. § 1291, we vacate and remand with instructions for the district court to remand to the plan administrator so that Messick may file a second-level administrative appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Messick, as an employee of McKesson Corporation, received disability insurance coverage under the McKesson Corporation Short Term Disability ("STD") Plan and the McKesson Corporation Long Term Disability ("LTD") Plan. Life Insurance Company of North America ("LINA") administers both plans. Under the STD Plan, an employee unable to perform all of the material and substantial duties of his occupation due to sickness or injury is eligible for up to 26 weeks of STD benefits, after which he becomes eligible for LTD benefits.

Plan documents vest LINA with discretionary authority to determine eligibility for STD benefits. If LINA denies a claim for STD benefits, the plan provides that an employee may appeal the denial through a two-level administrative appeals process. Employees have 180 days to file a first-level appeal, and another 180 days to file a second-level appeal after receiving notification of the decision in the first appeal. LINA must decide each appeal within 45 days, although those deadlines may be extended in certain circumstances. Beneficiaries are explicitly warned that "[n]o legal action may be taken to gain benefits from the STD plan" until the beneficiary has exhausted both levels of the administrative appeals process.

Messick applied for STD benefits in August 2012.[1] After requesting and receiving additional information from Messick, LINA approved STD benefits through November 8, 2012, but denied benefits after that date. LINA also informed

_____

[1] Messick previously submitted other applications for benefits, some of which were granted. Those prior applications are not at issue in this appeal.

Messick that it would refer his claim to the LTD department to evaluate his claim for LTD benefits. LINA denied LTD coverage in February 2013, shortly after its partial denial of STD benefits. In July 2013, Messick submitted through counsel a first-level appeal of the STD denial with updated medical records and statements from Messick's family members. LINA denied Messick's first-level appeal in September 2013. However, the denial letter was misaddressed and was not received by Messick or his attorney.

Thinking that LINA had exceeded the maximum time for deciding his first-level appeal, Messick filed suit in district court, advancing a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). After learning that the first-level appeal had actually been denied, Messick argued that his claim should be subject to de novo review because misaddressing the administrative appeal decision constituted a serious procedural error, see 29 C.F.R. § 2560.503-1(*l*), and because LINA operated under a conflict of interest, see Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). In the alternative, Messick requested that his claim be remanded for further administrative proceedings. The district court concluded that LINA's decision was subject to review under the arbitrary and capricious standard, although it granted less deference because of the procedural irregularity. It did not explicitly consider Messick's alternative request for a remand of his STD claim. Ruling that LINA did not act unreasonably in denying STD benefits, the district court entered judgment in favor of defendants. Messick timely appealed.

## II

We determine the appropriate standard of review for an ERISA claim "without deference to the district court." Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1130 (10th Cir. 2011). Because STD Plan documents grant discretionary authority to LINA, we would ordinarily review LINA's decision under an arbitrary and capricious standard. See LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan, 605 F.3d 789, 796 (10th Cir. 2010). However, Messick argues for de novo review because a serious procedural irregularity occurred when LINA misaddressed its denial letter to counsel, and because of an alleged conflict of interest.

"This court has on several occasions reviewed a benefits denial de novo, notwithstanding the fact that the Plan afforded the administrator discretion to make benefits determinations, where there were procedural irregularities in the administrator's consideration of the benefits claim." Id. at 797. In each of these cases, the plan administrator either failed to issue a decision in the highest-level administrative appeal, or did so long after the applicable deadline. See id. (110 days late); Rasenack v. AIG Life Ins. Co., 585 F.3d 1311, 1314, 1317-18 (10th Cir. 2009) (170 days late); Kellogg v. Metro. Life Ins. Co., 549 F.3d 818, 827-28 (10th Cir. 2008) (no decision); Gilbertson v. Allied Signal, Inc., 328 F.3d 625, 631, 637 (10th Cir. 2003) (no decision). Plan administrators are entitled to deferential review, we explained, only if their decision "is an exercise of . . . discretion vested in them by the instrument under which they act." Gilbertson, 328 F.3d at 631 (quotation and

-4-

emphasis omitted).  Thus, if a "plan and applicable regulations place temporal limits on the administrator's discretion and the administrator fails to render a final decision within those limits," deference is not warranted.  Id.

However, not all procedural irregularities require de novo review.  In Gilbertson we noted that "in the context of an ongoing, good faith exchange of information between the administrator and the claimant, inconsequential violations of the deadlines or other procedural irregularities would not entitle the claimant to de novo review."  Id. at 635.  And a late ruling in an administrative appeal will nonetheless receive deference "if a claimant fails to provide meaningful new evidence or raise significant new issues on administrative appeal and the delay does not undermine the court's confidence in the integrity of the administrator's decision-making process."  Finley v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan, 379 F.3d 1168, 1174 (10th Cir. 2004) (quotation, citation, and alterations omitted).

The procedural irregularity at issue in this appeal differs in kind from those considered in the above-cited cases.  When a plan administrator fails to render a timely final decision, the administrative review process terminates and the court is presented with a complete administrative record upon which to conduct de novo review.  See, e.g., Gilbertson, 328 F.3d at 628, 636 (lack of timely decision in final level of administrative review rendered appeal "deemed denied" by operation of law).  In this case, however, LINA's failure to properly address its denial letter cut off the administrative process midstream.  Messick never filed a second-level appeal because

he was never informed of the first-level denial. We accordingly lack a complete administrative record to review.

Our case law has long recognized the importance of completing the administrative review process before filing suit. "[P]remature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review." McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1263 (10th Cir. 1998). And ERISA contemplates "an ongoing, good faith exchange of information between the administrator and the claimant." Gilbertson, 328 F.3d at 635. These interests are not served by federal court review of an incomplete administrative record.[2]

Moreover, Messick alleges that he would be able to "provide meaningful new evidence or raise significant new issues" in a second-level appeal. Finley, 379 F.3d at 1174. Had Messick been notified that his first-level appeal had been denied, he contends that he could have submitted an updated neuropsychological evaluation,

_____

[2] Defendants highlight the fact that ERISA does not require a second-level appeal. See Hancock v. Metro. Life Ins. Co., 590 F.3d 1141, 1154 (10th Cir. 2009). But "it is necessary to look not just to the minimum [procedural] standards of ERISA but also to the terms of the plan itself." Gaither v. Aetna Life Ins. Co., 394 F.3d 792, 804 (10th Cir. 2004). Because the STD Plan required a second-level appeal as a condition to filing suit, the administrative record is not complete until that second appeal is final. See Holmes v. Colo. Coal. for the Homeless Long Term Disability Plan, 762 F.3d 1195, 1203-04 (10th Cir. 2014) (a plan participant does not properly exhaust administrative remedies by filing only a first-level appeal if a plan requires a second-level appeal). To the extent defendants contend that the existence of a procedural irregularity requires a violation of ERISA regulations themselves, we note that LINA failed to provide timely notice of its first-level appeal decision to Messick as required by 29 C.F.R. §§ 2560.503-1(i) and 2560.503-1(j).

letters from his physicians refuting the conclusions LINA made in the first-level denial, and evidence that the material duties of his position require a higher degree of cognitive function than that required for regular activities of daily life. This evidence is not before us because of the procedural irregularity, and our "confidence in the integrity of the administrator's decision-making process" is thus undermined. Id. We are in poor position to evaluate Messick's claims given that our review is limited to the existing administrative record. Holcomb v. Unum Life Ins. Co. of Am., 578 F.3d 1187, 1192 (10th Cir. 2009).

In light of a procedural irregularity and the resulting incomplete record, we conclude that the appropriate remedy is a remand to LINA so that Messick may pursue his second-level administrative appeal.[3] See Rekstad v. U.S. Bancorp, 451 F.3d 1114, 1121 (10th Cir. 2006) (remand to plan administrator an appropriate remedy when administrator does not gather and consider all relevant evidence and benefits determination is not clear-cut).[4]

---

[3] Because Messick does not allege that the misaddressed correspondence resulted from bad faith, we assume that the error resulted despite LINA's good faith attempt to review his claims. We do not consider whether a bad faith procedural error in an intermediate appeal would likewise warrant remand.

[4] Because we remand for further administrative proceedings, we do not consider Messick's argument that an alleged conflict of interest requires de novo review. Further, we decline to consider his claim for LTD benefits because those benefits are paid only after exhausting STD benefits.

**III**

For the foregoing reasons, we **VACATE** the district court's order and judgment and **REMAND** with instructions to remand to LINA so that Messick may pursue a second-level administrative appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge